IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHIRLEE BURKETT                                                    PLAINTIFF

V.                                    NO. 12-2146

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Shirlee Burkett, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claim for supplemental security income (SSI) under the provisions

of Title XVI of the Social Security Act (Act).  In this judicial review, the Court must determine

whether there is substantial evidence in the administrative record to support the Commissioner's

decision. See 42 U.S.C. § 405(g).

## I.    Procedural Background:

Plaintiff protectively filed her application for SSI on August 31, 2009, alleging an

inability to work due to "Post traumatic depression."  (Tr. 148-152, 159). An administrative

hearing was held on November 22, 2010, at which Plaintiff and her husband appeared with

counsel and testified. (Tr. 46-71).

By written decision dated January 27, 2011, the ALJ found that Plaintiff had an

impairment or combination of impairments that were severe - back disorder, post-traumatic stress

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

AO72A
(Rev. 8/82)

disorder and anxiety-related disorder. (Tr. 34). However, after reviewing all of the evidence

presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of

severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P,

Regulation No. 4. (Tr. 34). The ALJ found Plaintiff retained the residual functional capacity

(RFC) to:

> perform light work as defined in 20 CFR 416.967(b). The claimant has
> the RFC to lift and carry 20 pounds occasionally and 10 pounds
> frequently. The claimant can sit for about 6 hours during an eight-hour
> workday and can stand and walk for about 6 hours during an eight-hour
> workday. The claimant can occasionally climb, balance, stoop, kneel,
> crouch and crawl. The Claimant can respond appropriately to supervisors,
> co-workers and usual work situations, but have no contact with the
> general public. The claimant can perform low stress work, defined as
> occasional decision-making and occasional changes in workplace
> settings.

(Tr. 36). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was

unable to perform any past relevant work, but that there were other jobs Plaintiff could perform,

such as assembly worker, machine tender, and inspector. (Tr. 40-41).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which

considered additional evidence, and denied the request on June 20, 2012. (Tr. 1-3).

Subsequently, Plaintiff filed this action (Doc. 1). This case is before the undersigned pursuant

to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now

ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are

presented in the parties' briefs, and are repeated here only to the extent necessary.

AO72A
(Rev. 8/82)

## II. Applicable Law;

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.    Discussion:**

Plaintiff raises the following issues on appeal: 1) Plaintiff has additional impairments that are severe; 2) The ALJ's RFC determination is inconsistent with the evidence: 3) Plaintiff cannot perform the jobs identified at step five. (Doc. 10).

**A.    Severe Impairments:**

An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities.    20 C.F.R. §§ 1520(a)(4)ii), 416.920(a)(4)(ii).   An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § § 404.1521, 416.921.  The Supreme Court has adopted a "de minimis standard" with regard to the severity standard. Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cri. 1989).

AO72A
(Rev. 8/82)

Plaintiff contends that Plaintiff's major depressive disorder, recurrent, severe, as well as other disorders recognized by the ALJ, were severe impairments.

As to Plaintiff's depression, on September 2, 2009, Dr. Terrell Bishop, Staff Psychiatrist at Western Arkansas Counseling and Guidance Center, assessed Plaintiff and noted that Plaintiff reported that her depression was largely resolved. (Tr. 237). He diagnosed her with generalized anxiety and depression, largely resolved. (Tr. 237). By October 2, 2009, Plaintiff reported to Susan Smith, MS, LPC, NCC (Licensed Professional Counselor), at Western Arkansas Counseling and Guidance Center, that Zoloft was working well, and Ms. Smith noted that Plaintiff's concentration was good to fair, and her judgment and insight were both fair to good. (Tr. 317). Ms. Smith also reported that the medication was effective for targeted symptoms. (Tr. 318).

On October 29, 2009, Plaintiff reported to Alice Slavens, APN, at Western Arkansas Counseling and Guidance Center, that Zoloft helped and that she was overall having more good days than bad.  Her concentration was reported as good, and judgment and insight were both good to fair. (Tr. 319-320).  On December 3, 2009, Plaintiff reported that the Zoloft was effective for her depression. (Tr. 321). On February 18, 2010, Plaintiff reported to Ms. Smith that her depression and anxiety were well controlled. (Tr. 349).

On March 4, 2010, Plaintiff reported that overall she was doing well, but did have some anxiety. (Tr. 359). Her Zoloft was increased. (Tr. 360).  By June 10, 2010, Plaintiff had been missing therapy appointments at Western Arkansas Counseling and Guidance Center, and Plaintiff reported that she was not depressed. (Tr. 363).

It is clear from the medical records that Plaintiff's depression was controlled by

AO72A
(Rev. 8/82)

medication and an impairment that is controlled with medication is not medically severe. See

Wilson v. Chater, 76 F.3d 238, 241 (8ᵗʰ Cir. 1996); Gilmore v. Colvin, No. 12-cv-1076, 2013

WL 2154926 (W.D. Ark., May 17, 2013).

Based upon the foregoing, the Court finds there is substantial evidence to support the

ALJ's decision regarding severe impairments.

### B.     RFC Determination:

RFC is the most a person can do despite that person's limitations.   20 C.F.R.

§404.1545(a)(1).  It is assessed using all relevant evidence in the record.  Id.  This includes

medical records, observations of treating physicians and others, and the claimant's own

description of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8ᵗʰ Cir. 2005);

Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).   Limitations resulting from

symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The

Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."

Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).   Therefore, an ALJ's determination

concerning a claimant's RFC must be supported by medical evidence that addresses the

claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir.

2003).  "The ALJ is [also] required to set forth specifically a claimant's limitations and to

determine how those limitations affect his RFC."  Id.

In this case, the ALJ found that Plaintiff had the RFC to perform light work with certain

limitations.  (Tr. 36).  Plaintiff asserts that the biggest problem is that the ALJ "latched on to

moments when Plaintiff's symptoms improved to ascertain her RFC." (Doc. 10 at p. 13).  The

Court does not agree.  In making this determination, the ALJ considered all of the medical

records, as well as Plaintiff's description of her limitations.  He discussed Plaintiff's back pain,

noting that a CT scan of Plaintiff's lumbar spine revealed disc herniation on the left and bulging

annulus at the L4-5 intervertebral disc space level. (Tr. 37). He also noted that it was treated

conservatively with medication.  The ALJ also noted that Dr. Anthony Capocelli, a neurologist

at River Valley Musculoskeletal Center, examined Plaintiff on April 14, 2010, and that an MRI

of Plaintiff's cervical and thoracic spine revealed no abnormalities. (Tr. 37).  Although it appears

that the ALJ may not have had Dr. Capocelli's report dated September 29, 2010, before he issued

his decision, the Court does not believe it would have changed the outcome.  In that report, Dr.

Capocelli reported that plaintiff was due for "step-up and nonoperative intervention and that

Plaintiff would have LESI on a regular basis." (Tr. 428).  After the ALJ issued his decision,

Plaintiff again saw Dr. Capocelli, who then reported that Plaintiff had for the most part been able

to continue with her normal routine day-to-day activities, and had stabilized to a reasonable

degree. (Tr. 425).  On January 31, 2012, a medical record from St. Edward's Mercy Medical

Center indicated that Plaintiff would continue nonoperative treatment with maximal

nonoperative intervention. (Tr. 421).

The ALJ gave little weight to the opinion of Ms. Smith, stating that it was not supported

by the longitudinal medical record.  (Tr. 39).  Ms. Smith opined that Plaintiff was unable to

maintain gainful employment due to her mental health disorders.  She also found that Plaintiff

had marked limitations in certain functional areas.  However, as noted by Defendant, Ms. Smith

is not an acceptable medical source, and her opinion is therefore not entitled to any special

weight. See Van Vickle v. Astrue, 539 F.3d 825, 829 (8th Cir. 2008)(the Eighth Circuit held

that in certain circumstances, the ALJ *may* give the opinion of a non-acceptable medical source

-7-

greater weight than to the opinion of an "acceptable medical source).

Based upon the foregoing, and for those reasons given in Defendant's well stated brief, the Court finds there is substantial evidence to support the ALJ's RFC Assessment.

### C.   Step Five Determination:

Plaintiff contends that the ALJ's hypothetical question did not include all of the impairments from which Plaintiff suffered and therefore, the ALJ should not have relied upon the VE's testimony.

At the hearing held before the ALJ, the ALJ's hypothetical question set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. See Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).  Accordingly, the Court believes that the VE's responses to the hypothetical question constitute substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing other work as an assembly worker, machine tender, and inspector.  Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from VE based on properly phrased hypothetical question constitutes substantial evidence).

Based upon the ALJ's RFC findings, which this Court believes to be supported by substantial evidence, along with the testimony of the VE, the Court is of the opinion that substantial evidence supports the ALJ's finding that there were other jobs Plaintiff could perform.

### IV.   Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby

AO72A
(Rev. 8/82)

affirmed. The undersigned further finds that Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 26th day of July, 2013.

/s/ *Erin L. Setser*

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-9-

**AO72A**
**(Rev. 8/82)**